IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
LINCOLN DIVISION

MATTHEW M. KEEFE,                            )
                                             )
                    Plaintiff,               )
                                             )         C.A. No. 4'05CV3192
        vs.                                  )
                                             )
UNION PACIFIC RAILROAD COMPANY,              )
a Delaware corporation,                      )
                                             )         **MAGISTRATE JUDGE**
                    Defendant.               )         **PIESTER**

## COMPLAINT

        Plaintiff, Matthew M. Keefe, for his causes of action against Defendant, Union Pacific Railroad Company, states that:

### COUNT ONE

        1.      At all material times, Plaintiff, was and is a resident of the State of Nebraska, the City of North Platte.

        2.      At all material times, Defendant was and is a corporation organized and existing under the laws of the State of Delaware, and was an interstate carrier, operating an interstate system of railroads in and through several states, including the District wherein this action is filed.

        3.      At all times material, Plaintiff was employed by the Defendant as a switchman and conductor and, as such, was engaged in work which closely and substantially touched upon and was in furtherance of his employer's interstate commerce;

        4.      The jurisdiction of this court is based in part upon Title 45, United States Code, §51-60, commonly known as the Federal Employers' Liability Act (FELA).

        5.      On or about October 3, 2002, at or near the Bailey Yard in North Platte, Nebraska,

Plaintiff was engaged in the scope and course of his employment as a conductor and switchman for Defendant.

6.      During his shift that began at about 4:00 p.m., Plaintiff was attempting to release the handbrake on a Union Pacific bulkhead flatcar identified as CLC 9223 at the west end receiving track #3 of the Bailey Yard when the brake platform upon which Plaintiff was standing gave away causing Plaintiff to suddenly and unexpectedly fall and break his right ankle; as a result, Plaintiff suffered serious and permanent injuries to his right ankle, foot, internal muscles, tissues, tendons and ligaments thereof, and other parts of his body.

7.      That at the aforesaid time and place and while performing his duties as a switchman and conductor, Plaintiff was caused, in whole or in part, to be injured by Defendant's negligent violation of Title 45, U.S.C., §§ 51-60; Defendant's negligence includes, but is not limited to

    a.      Failure to provide a reasonably safe place to work;

    b.      Failure to reasonably  inspect and/or maintain the brake platforms of its
            railroad cars; and

    c.      Failure to devise and/or implement a reasonable safety/accident prevention
            program which may have/could have prevented this accident.

8.      As a result, in whole or in part, of Defendant's negligence as set forth above, Plaintiff suffered serious and permanent injuries to his ankle, foot, internal muscles, tissues, tendons and ligaments, and other parts of his body; Plaintiff has received in the past and will in the future receive medical treatment, for his injuries at costs Plaintiff is unable to accurately determine at this time; Plaintiff has in the past and will in the future suffer emotional and physical pain.

9.      As a result, in whole or in part, of Defendant's negligence as noted above, Plaintiff sustained a loss of wages and will in the future continue to sustain a loss of wages and a loss or

2

diminution of his earning capacity, including loss of fringe benefits which the exact amount is unable to accurately estimate and determine at this time.

10.    By reason of each and all of the facts stated above, Plaintiff has suffered damages in an amount to be proven at trial.

### COUNT TWO

16.    Plaintiff restates and incorporates by reference Paragraphs 1 through 5 of Count One into Count Two of this Complaint.

17.    That the permanent injuries to Plaintiff and resulting damages were caused in whole or in part by Defendant's violation of Title 49, U.S.C., § 20301, et seq., commonly known as the Federal Safety Appliance Act ("SAA").

18.    As a result, in whole or in part, of Defendant's violation of the FSAA, Plaintiff has received in the past and will in the future receive medical treatment for his injuries at costs Plaintiff is unable to accurately determine at this time; Plaintiff has in the past and will in the future suffer emotional and physical pain.

19.    As a further result, in whole or in part, of Defendant's violation of the FSAA, Plaintiff sustained a loss of wages and will in the future continue to sustain a loss of wages and a loss or diminution of his earning capacity, including loss of fringe benefits which the exact amount is unable to accurately estimate and determine at this time.

20.    By reason of each and all of the facts stated above, Plaintiff has suffered damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff MATTHEW M. KEEFE asks this Court to enter judgment in his favor and against the Defendant UNION PACIFIC RAILROAD COMPANY in an amount sufficient

3

to fully compensate Plaintiff for damages and injuries to be proven at trial for its costs and disbursements.

**JURY TRIAL DEMANDED**

Dated: **8/5/05**

YAEGER, JUNGBAUER
& BARCZAK, PLC.

Louis E. Jungbauer
745 Kasota Avenue
Minneapolis, MN 55414
(612) 333-6371

**ATTORNEYS FOR PLAINTIFF**

4